STATE OF NEBRASKA, APPELLEE, V. STEPHEN W. VAN ACKEREN,
ALSO KNOWN AS STEVEN W. VAN ACKEREN, ALSO KNOWN AS
FREDERICK VAN ACKEREN, APPELLANT.

451 N.W.2d 707

Filed February 23, 1990.   No. 89-039.

Donald W. Kleine, of Kleine Law Office, for appellant.

Stephen W. Van Ackeren, pro se.

Robert M. Spire, Attorney General, and Yvonne E. Gates for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Defendant-appellant, Stephen W. Van Ackeren, contends the district court judge erred in accepting his pleas of guilty, and the record establishes such to be the case. We therefore reverse the judgment below and remand the cause for further proceedings.

Van Ackeren was originally charged with three substantive

felony offenses: burglary, possession of a firearm by a felon, and the use of a firearm to commit a felony. He was also, in connection with each of those three substantive offenses, separately alleged to be a habitual criminal.

In exchange for Van Ackeren's pleas of guilty to burglary, to being a habitual criminal in connection with that charge, and to using a firearm to commit a felony, the State agreed not to pursue other charges and dismissed the possession of a firearm by a felon charge, as well as the habitual criminal allegations made in connection with that possession charge and the charge of using a firearm to commit a felony.

The district court then sentenced Van Ackeren to imprisonment for a period of not less than 18 nor more than 25 years for the crime of burglary as enhanced by his status as a habitual criminal and to a consecutive period of imprisonment for not less than 20 months nor more than 5 years for the use of a firearm to commit a felony.

The use of a firearm sentence overlooks that in *State v. Rolling*, 218 Neb. 51, 352 N.W.2d 175 (1984), we held that a habitual criminal who is convicted of several felonies as the result of a multicount information must be sentenced on each conviction as a habitual criminal even though the allegation with respect to his status as a habitual criminal is made with respect to only one charge. Thus, inasmuch as Van Ackeren is a habitual criminal, the sentence imposed for the use of a firearm charge does not conform with the requirements of Neb. Rev. Stat. § 29-2221 (Reissue 1989), which mandates that for a habitual criminal, the sentence imposed not be less than 10 years.

What is of crucial importance to this case is that the district court judge not only imposed an illegal sentence on the use of a firearm conviction, but failed to properly advise Van Ackeren concerning the penalty consequence of such a conviction. Since Van Ackeren was unaware of the total potential penal consequences of the plea agreement, his pleas of guilty cannot be said to have been entered freely, intelligently, voluntarily, and understandingly. See, *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986); *State v. McMahon*, 213 Neb. 897, 331 N.W.2d 818 (1983); *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971).

Accordingly, he must be permitted to withdraw his pleas to all the charges.

The judgment below is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.