STATE OF NEBRASKA, APPELLEE, V.
CONNIE ROEDER, APPELLANT.

636 N.W.2d 870

Filed December 21, 2001.   No. S-01-292.

Larry W. Beucke, of Parker, Grossart, Bahensky & Beucke, for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Connie Roeder pled guilty and was convicted in the district court for Buffalo County of one count of possession of a controlled substance with intent to deliver and one count of attempted possession of a controlled substance. The district court denied Roeder's subsequent motion to withdraw her pleas. Roeder was sentenced to a term of 6 to 12 years' imprisonment on the possession conviction and a term of 1 year's imprisonment on the attempted possession conviction, to be served concurrently. Roeder appeals the denial of her motion to withdraw pleas and claims that her sentences were excessive. We affirm.

## STATEMENT OF FACTS

*Background.*

On July 25, 2000, Roeder was charged by information in the district court with two counts of possession of a controlled substance with intent to deliver. At the arraignment on August 25, Roeder pled not guilty. Jury trial was set for November 6. As set

forth below, although a jury was summoned on November 6, Roeder initially failed to appear and following her tardy appearance, she entered pleas pursuant to a plea agreement. Roeder subsequently sought to withdraw her pleas. The motion was denied, and Roeder was sentenced.

*Entry of Pleas.*

On November 6, 2000, pursuant to a plea agreement, the State amended its information to allege one charge of possession of a controlled substance with intent to deliver and one charge of attempted possession of a controlled substance. The State also dismissed five charges which were pending against Roeder in county court. Pursuant to the plea agreement, Roeder pled guilty to both charges in the amended information. The district court determined that Roeder had knowingly, voluntarily, and intelligently entered her pleas. During the allocution, the district court asked Roeder, inter alia, whether anyone had made any promise to her or threats against her which had either coerced or induced her to enter the pleas against her will. Roeder replied, "No." The district court found an adequate factual basis for the pleas, and the district court therefore accepted Roeder's pleas and found her guilty on both counts.

The district court noted on the record that earlier in the day, the case had been scheduled to proceed with a jury trial but that at approximately 10:30 a.m., Roeder had notified the court that she had been detained due to mechanical problems with her car. Although a jury panel had been summoned, the court dismissed the jury panel approximately 20 minutes after Roeder's call. Counsel were excused. The court issued a bench warrant for Roeder due to her failure to appear. Roeder subsequently appeared and entered her pleas as outlined above. Following the entry and acceptance of her pleas, the court required an increase in Roeder's bond before she could be released from custody pending sentencing.

*Motion to Withdraw Pleas.*

On December 15, 2000, prior to sentencing, Roeder filed a motion to withdraw her pleas. In the motion, Roeder claimed that she "felt she was left with no other alternative but to accept the plea [agreement]" and that "she was coerced into accepting

the plea [agreement] and subjected to duress because of the same." A hearing on the motion was set for December 18. However, the hearing was continued due to Roeder's concerns regarding her counsel and her desire to retain new counsel to argue for withdrawal of her pleas. On January 11, 2001, a hearing on the motion to withdraw pleas was held with Roeder represented by new counsel.

Roeder testified at the hearing regarding the pleas. She testified that on the day set for trial, she was delayed due to automobile problems. She called the court to report that she had been delayed. When she arrived at the courthouse, she was arrested but was allowed to wait at the courthouse for her counsel to return. Roeder testified that counsel told her that if she did not accept the plea agreement offered by the State, she would be held in jail with no bond until trial because of her failure to timely appear. Roeder testified that she entered the pleas of guilty in order to stay out of jail, not because she was guilty.

The State presented evidence including the testimony of a deputy county attorney regarding possible prejudice to the State in the event Roeder were allowed to withdraw her pleas. The State also called the original counsel who had represented Roeder at the time of her pleas as a witness. Counsel testified regarding the events of November 6, 2000. Counsel testified that she had appeared at the time set for trial but was excused by the court after Roeder failed to appear. Counsel returned to her office. Counsel returned to the courthouse after being advised that Roeder had appeared.

When counsel began to testify regarding her interactions with Roeder after Roeder had presented herself at the courthouse, Roeder's new counsel objected on the basis of attorney-client privilege. The district court overruled the objection and treated it as a continuing objection. Counsel testified that she understood that due to Roeder's failure to appear, Roeder was to be arrested and taken to jail. Roeder asked counsel to speak with the court regarding whether bond would be set or revoked. Counsel attempted to do so, but the court referred counsel to the county attorney. Roeder was arrested.

Counsel met with the county attorney. The State offered a plea agreement which counsel conveyed to Roeder. Counsel told

Roeder that the State had agreed that if Roeder would enter pleas pursuant to the plea agreement that day, then the State would not oppose the court's setting a higher bond instead of revoking her bond. Counsel also testified that the court had indicated to her that were the underlying matter to go to trial, it would not release Roeder on bond until after the trial. After counsel and Roeder discussed the features of the plea agreement and potential sentences for convictions pursuant to such pleas, Roeder indicated to counsel that she wanted to accept the plea agreement.

Counsel testified regarding Roeder's demeanor during these conversations and indicated that Roeder initially appeared upset about having been arrested but that she appeared to be asking appropriate questions in order to understand the plea agreement and the effects of entering the pleas. Counsel testified that she and Roeder met again later in the day. In the afternoon, Roeder did not indicate to counsel that she had changed her mind regarding the plea agreement. Counsel testified that Roeder appeared to have calmed down and that Roeder indicated that she understood the plea agreement and still wanted to accept it. During the allocution in connection with entry of the pleas, Roeder appeared to counsel to understand the questions and to know what she was doing.

On January 24, 2001, the district court entered an order denying Roeder's motion to withdraw her pleas. The district court found that "[t]he fact that [Roeder] was required to make hard choices in her own best interest and later may regret her decision is not evidence of coercion and nor [sic] is it evidence that her pleas at the time entered were not intelligently, voluntarily and knowingly made."

*Sentences.*

On February 16, 2001, Roeder was sentenced to imprisonment for 6 to 12 years on the possession with intent to deliver conviction and 1 year on the attempted possession charge, to be served concurrently. Roeder appeals.

## ASSIGNMENTS OF ERROR

Roeder asserts that the district court (1) erred in allowing her attorney to testify at the hearing on her motion to withdraw her

pleas, (2) erred in denying her motion to withdraw her pleas, and (3) abused its discretion by imposing excessive sentences.

### STANDARDS OF REVIEW

■ In all proceedings where the Nebraska Evidence Rules apply, admissibility of evidence is controlled by the Nebraska Evidence Rules, not judicial discretion, except in those instances under the rules when judicial discretion is a factor involved in determining admissibility. Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, the admissibility of evidence is reviewed for an abuse of discretion. *State v. Castor, ante* p. 423, 632 N.W.2d 298 (2001).

■ Prior to sentencing, the withdrawal of a plea forming the basis of a conviction is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion. *State v. Carlson,* 260 Neb. 815, 619 N.W.2d 832 (2000).

■ Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. *State v. Heitman, ante* p. 185, 629 N.W.2d 542 (2001).

### ANALYSIS

*Testimony of Counsel.*

Roeder asserts that the testimony of her counsel should not have been allowed at the hearing on her motion to withdraw her pleas because such testimony breached the lawyer-client privilege embodied in Neb. Rev. Stat. § 27-503 (Reissue 1995). Roeder recognizes that § 27-503(4)(c) excepts from the lawyer-client privilege "a communication relevant to an issue of breach of duty by the lawyer to his client or by the client to his lawyer," but argues that she did not allege a breach of duty by counsel and therefore any communications between her and her lawyer were within the scope of the lawyer-client privilege.

In response, the State argues, inter alia, that although Roeder did not per se allege a breach of duty by counsel, she waived lawyer-client privilege by putting into issue communications she had had with her counsel. We agree with the State.

In her motion to withdraw pleas, Roeder asserted that withdrawal would be fair and just because at the time she entered her

pleas, she "felt she was left with no alternative but to accept the plea" and that therefore "she was coerced into accepting the plea and subjected to duress because of the same." At the hearing on the motion to withdraw pleas, Roeder testified that counsel told her that if she did not accept the plea agreement offered by the State, she would be held in jail with no bond until trial because of her failure to timely appear. Roeder's testimony at the hearing made clear that the allegations of coercion and duress she asserted to justify withdrawal of her pleas were in material part the result of communications by counsel. By alleging such basis for withdrawal, Roeder made such communications an issue in the hearings, thus impliedly waiving the lawyer-client privilege as to these communications.

In *League v. Vanice*, 221 Neb. 34, 374 N.W.2d 849 (1985), we found no error by the trial court in admitting into evidence certain communications between the plaintiff and his attorney. *League* involved a suit by a minority shareholder against a corporate president alleging that the president had breached a duty to the plaintiff with respect to various corporate transactions. To avoid the bar of the statute of limitations, the plaintiff alleged, inter alia, that the president had concealed certain facts, thus putting the plaintiff's knowledge of such facts in issue. Over objection, the plaintiff's attorney was permitted to testify regarding conversations he had had with the plaintiff regarding the allegedly concealed facts. We stated in *League* that a party "is not permitted to thrust his lack of knowledge into the litigation as a foundation or condition necessary to sustain his claim . . . while simultaneously retaining the lawyer-client privilege to frustrate proof of knowledge negating the very foundation or condition necessary to prevail on the claim." 221 Neb. at 45, 374 N.W.2d at 856.

In *League*, this court addressed the issue whether a party had waived the lawyer-client privilege by placing communications between lawyer and client into issue and noted, "Fairness is an important and fundamental consideration in assessing the issue of whether there has been a waiver of the lawyer-client privilege." 221 Neb. at 44, 374 N.W.2d at 856. We further noted that in cases where an exception to the privilege existed,

> " 'in each instance, the party asserting the privilege placed information protected by it in issue through some

affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would have been manifestly unfair to the opposing party. The factors common to each exception may be summarized as follows: (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense. Thus, where these three conditions exist, a court should find that the party asserting a privilege has impliedly waived it through his own affirmative conduct.' "
*Id.* (quoting *Connell v. Bernstein-Macaulay, Inc.,* 407 F. Supp. 420 (S.D.N.Y. 1976), citing and quoting *Hearn v. Rhay,* 68 F.R.D. 574 (E.D. Wash. 1975)).

Similarly, in the present case, Roeder impliedly waived the lawyer-client privilege as to relevant communications when she affirmatively made such communications a crucial issue to the resolution of her motion. Analyzing the present case in light of the three factors outlined in *League, supra,* we note that (1) Roeder's assertion of the privilege was the result of her affirmative act of filing the motion to withdraw her pleas; (2) by filing the motion to withdraw her pleas, Roeder put at issue communications between herself and counsel which were relevant to the basis she alleged to support her motion to withdraw the pleas; and (3) the application of the lawyer-client privilege would have denied the State access to information vital to its opposition to Roeder's motion to withdraw pleas.

As is evident from the record on the motion to withdraw the pleas, Roeder claimed that she should be allowed to withdraw her pleas because at the time she entered the pleas, she felt coercion and duress as a result of what counsel had told her regarding what would happen if she did not accept the plea agreement. Roeder put the communications with counsel regarding the plea agreement and their impact upon her at issue, and the State would have been denied access to information vital to that issue if it had not been allowed to question counsel as to such communications and counsel's perceptions of Roeder's reactions.

Roeder therefore impliedly waived the lawyer-client privilege as to the communications relative to entry of her guilty pleas.

Our review of the record of the hearing indicates that the substance of the testimony of counsel which the district court allowed into evidence did not go beyond that which was relevant to the issues raised by Roeder. We therefore conclude that the district court did not err in allowing Roeder's counsel to testify at the hearing on the motion to withdraw the pleas, and we reject Roeder's first assignment of error.

*Withdrawal of Pleas.*

Roeder next asserts that the district court erred in denying her motion to withdraw her pleas. Roeder argues that because she was coerced and subjected to duress at the time she made her pleas, such pleas were not made freely, voluntarily, and intelligently. She further argues that at the hearing on her motion to withdraw pleas, the State failed to prove that substantial prejudice would result if she were allowed to withdraw her pleas.

After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. *State v. Carlson*, 260 Neb. 815, 619 N.W.2d 832 (2000). The burden is upon the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *Id.*

The district court in the present case concluded that Roeder had not presented clear and convincing evidence that she had been coerced or was under duress or that her pleas were not intelligently, voluntarily, and knowingly made. The district court noted that the State had offered evidence as to the prejudice it might face if Roeder were allowed to withdraw her pleas, but the district court noted that such evidence related only to "possible prejudice" and that the State had not presented evidence as to "actual prejudice which would occur." The district court, however, found it unnecessary to consider whether the State had shown substantial prejudice because it ultimately concluded that Roeder had failed to show any fair and just reason to withdraw her pleas.

Upon our review of the record, we conclude that the district court did not abuse its discretion in determining that Roeder had failed to present clear and convincing evidence of a fair and just reason to withdraw her pleas. Because Roeder failed to establish a reason for withdrawal, the State's asserted failure to establish substantial prejudice was of no consequence. We therefore reject Roeder's second assignment of error.

*Excessive Sentences.*

Roeder claims that the district court abused its discretion by imposing excessive sentences. We do not agree.

Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. *State v. Heitman, ante* p. 185, 629 N.W.2d 542 (2001). In imposing a sentence, a sentencing judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Decker,* 261 Neb. 382, 622 N.W.2d 903 (2001). Where a sentence imposed within statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying these factors as well as any applicable legal principles in determining the sentence to be imposed. An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

Roeder was convicted of one count of possession of a controlled substance with intent to deliver, a Class III felony pursuant to Neb. Rev. Stat. § 28-416(1)(a) and (2)(b) (Cum. Supp. 2000), and one count of attempted possession, a Class I misdemeanor pursuant to Neb. Rev. Stat. §§ 28-201(1) and (4)(e) (Cum. Supp. 2000) and 28-416(3). The penalty for a Class III felony is a minimum 1 year's imprisonment, a maximum 20 years' imprisonment, or a $25,000 fine, or both imprisonment and a fine. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2000). The penalty for a Class I misdemeanor is a maximum 1 year's imprisonment, a $1,000 fine,

or both, with no minimum. Neb. Rev. Stat. § 28-106 (Cum. Supp. 2000). Roeder was sentenced to a term of 6 to 12 years' imprisonment on the possession with intent to deliver conviction and a term of 1 year's imprisonment on the attempted possession conviction, to be served concurrently. Roeder's sentences were therefore within statutory limits.

Roeder argues the sentences were an abuse of discretion because she had a drug addiction problem, she had no prior drug convictions, and alternative or lesser sentences could have better satisfied rehabilitative and punitive goals. The presentence investigation report shows, however, that Roeder had numerous convictions for nondrug charges. The State argues in response that Roeder had engaged in behavior to avoid dealing with her drug problem and that imprisonment would give her an opportunity to obtain treatment, whereas an alternative or lesser sentence would have been futile in addressing the problem. In sentencing Roeder, it is evident that the district court took the factors noted in *Decker* into account, and upon review, we find no abuse of discretion. We reject Roeder's final assignment of error.

## CONCLUSION

We conclude that the district court did not err in allowing counsel to testify at the hearing on Roeder's motion to withdraw her pleas nor did it err in denying the motion. We further conclude that the district court did not abuse its discretion in sentencing Roeder. We therefore affirm Roeder's convictions and sentences.

AFFIRMED.