STATE OF NEBRASKA, APPELLEE, V.
SCOTT SCHNEIDER, APPELLANT.

640 N.W.2d 8

Filed March 1, 2002.   No. S-01-270.

Gerald M. Stilmock, of Brandt, Horan, Hallstrom, Sedlacek & Stilmock, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.
Scott Schneider appeals his convictions and sentences for two counts of attempted sexual contact with a child. The district court overruled his motion to withdraw his pleas of no contest and sentenced him to consecutive sentences of 1 year's imprisonment on each count. Schneider contends that because the court did not advise him that he would have to register as a sex offender, his pleas were not made intelligently, knowingly, and voluntarily. We affirm because the registration requirement under Nebraska's Sex Offender Registration Act (Act), Neb. Rev. Stat. §§ 29-4001 to 29-4013 (Cum. Supp. 2000), is a collateral consequence that did not render his pleas involuntary or unintelligent.

## BACKGROUND
On March 6, 2000, Schneider was charged with two counts of sexual contact with a child, a Class IIIA felony. He stood mute on the charges, and his counsel asked that the district court enter pleas of not guilty on his behalf. After a plea agreement, the State filed an amended information charging Schneider with two

counts of attempted sexual contact with a child, a Class I misdemeanor, in exchange for which Schneider agreed to enter pleas of no contest.

At the arraignment on the misdemeanor charges, the court recited the substantive portions of the two counts and asked Schneider if he understood the charges against him. The court advised Schneider that each count constituted a Class I misdemeanor; that the range of penalties for each count was a fine up to $1,000, imprisonment up to 1 year, or both; and that the sentences could run consecutively. The court then asked Schneider if he understood that by pleading no contest, he would be waiving the following rights: the right to a jury trial, the right to confront and cross-examine witnesses, and the right to remain silent and require the State to prove his guilt beyond a reasonable doubt.

After this colloquy, Schneider stated that he was entering his pleas of no contest freely and voluntarily, that he had not been threatened, that no promises had been made to him apart from his plea agreement, and that he was satisfied with his counsel. The State then recited the victims' expected testimony, and Schneider agreed that there was a factual basis for the charges. The court then received Schneider's pleas and found him guilty of both counts of the amended information.

The court did not advise Schneider that he would be required to register as a sex offender before or after receiving his pleas. At the sentencing hearing, Schneider made a motion to withdraw his pleas because he had been advised by his counsel that he would be required to register as a convicted sex offender. Sentencing was deferred until after a hearing on the motion. At the hearing on the motion, Schneider's counsel argued that the court had failed to advise him of the registration requirement. Schneider's counsel did not say whether she had ever advised Schneider of the requirement, only that she thought it was reasonable for him to believe, because of the reduction in the charges from felonies to misdemeanors, that the registration would not apply to him. Counsel also argued there would be no prejudice to the State by allowing Schneider to withdraw the pleas. The State did not address the prejudice issue and argued only that the court was not obligated to advise Schneider of the registration requirement as a matter of law.

The court stated that it was required only to advise a defendant of the penal consequences of his or her plea. The court noted that other jurisdictions had found that the registration requirement was a collateral consequence of the plea and that the Act was not part of the criminal statutes in Nebraska. The court also found that *State v. Torres*, 254 Neb. 91, 574 N.W.2d 153 (1998), supported a finding that the registration was a collateral consequence of Schneider's pleas. On these bases, the court overruled Schneider's motion. The court then found that Schneider's offenses were subject to the requirements of the Act and advised him of his duty to register under this law as set forth in his notification form.

Before sentencing Schneider, the court indicated that Schneider had a substantial criminal record, including a charge of contributing to the delinquency of a child which involved circumstances similar to the facts of his current charges. The court then sentenced Schneider to 1 year's imprisonment on each count, to be served consecutively, with credit for time served.

## ASSIGNMENTS OF ERROR

Schneider assigns that the district court erred in accepting his no contest pleas and in failing to allow him to withdraw the pleas when he had not made them intelligently, knowingly, and voluntarily. He also assigns that the court abused its discretion in its imposition of excessive sentences.

## STANDARD OF REVIEW

Prior to sentencing, the withdrawal of a plea forming the basis of a conviction is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion. *State v. Roeder*, 262 Neb. 951, 636 N.W.2d 870 (2001).

## ANALYSIS

### CONSTITUTIONAL VALIDITY OF PLEAS

Schneider concedes that the court advised him of his constitutional rights and asked him a series of questions to confirm his understanding and waiver of those rights. But he contends that because the court failed to advise him that he would be required to register as a sex offender, the court erred in accepting his

pleas because they were not made intelligently, voluntarily, and understandingly. The State contends that the court's colloquy satisfied all of the criteria for determining that a plea is constitutionally valid.

Nebraska has adopted the U.S. Supreme Court's due process requirements for a validly entered guilty plea delineated in *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). See *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981). Under *Boykin*, a guilty plea must be knowingly and voluntarily entered because the plea involves the waiver of certain constitutional rights. See, also, *State v. Silvers*, 255 Neb. 702, 714, 587 N.W.2d 325, 334 (1998) (" '[g]uilty pleas are "grave and solemn" acts which waive certain constitutional rights, and they therefore must be ". . . knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences" ' ").

We have held that to support a finding that a plea of guilty has been entered freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *State v. Burkhardt*, 258 Neb. 1050, 607 N.W.2d 512 (2000).

Schneider asks this court to analyze the penal nature of the registration requirement under the Act using the intent-effects factors first set out by the U.S. Supreme Court in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963). We decline to do so. Those factors set out the analytical framework for analyzing punishment under a double jeopardy or ex post facto challenge, neither of which is a part of this appeal. See, *Kansas v. Hendricks*, 521 U.S. 346, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997) (applying intent-effects analysis to both double jeopardy and ex post facto challenges); *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998) (explaining history and application of intent-effects analysis for double jeopardy purposes).

■ We discussed the Act in *State v. Torres*, 254 Neb. 91, 574 N.W.2d 153 (1998). In that case, the defendant pled no contest to third degree sexual assault and was sentenced to 1 year of probation. On appeal, he argued that the Act was a violation of the U.S. and State of Nebraska Ex Post Facto Clauses because it potentially increased his punishment for failing to register under the Act. This court held that the Act's "registration requirements are separate and collateral to any sexual offense which the act affects [and] come into play only *after* a conviction is secured." 254 Neb. at 94, 574 N.W.2d at 155. Under *Torres*, the registration requirement is collateral to a defendant's sentence on the underlying conviction.

We have not previously determined whether a trial court's failure to advise a defendant of a collateral consequence of his or her plea of guilty or no contest renders the plea constitutionally invalid. Federal courts and many state courts have adopted a direct-collateral analysis for determining which consequences of a guilty plea a court must advise a defendant of before accepting his or her guilty plea. See, 22 C.J.S. *Criminal Law* § 404 (1989); 5 Wayne R. LaFave et al., Criminal Procedure § 21.4(d) (2d ed. 1999). Under *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970), a plea of guilty must stand if entered by a defendant fully aware of the direct consequences of the plea. Direct consequences are those which result in a " 'definite, immediate and largely automatic effect on the range of the defendant's punishment.' " *U.S. v. Amador-Leal*, 276 F.3d 511, 514 (9th Cir. 2002). Trial courts are free to advise defendants of the collateral consequences of their plea, but are obligated only to advise them of the direct consequences, and the failure to inform a defendant of a collateral consequence does not render the plea involuntary or unintelligent. See *State v. Bollig*, 232 Wis. 2d 561, 605 N.W.2d 199 (2000).

We have never adopted this direct-collateral terminology, although we have held that a court is not required to advise a defendant of the possibility of consecutive sentences, probation restrictions, or the possibility of a conviction's being used in a future proceeding to terminate parental rights. See, *State v. Spiegel*, 239 Neb. 233, 474 N.W.2d 873 (1991) (probation restrictions); *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879

(1986) (consecutive sentences); *In re Interest of Theodore W.*, 4 Neb. App. 428, 545 N.W.2d 119 (1996) (subsequent termination of parental rights).

Conversely, we have held that a court must inform a defendant of the possibility of an increased sentence imposed because of a habitual criminal statute. We have also held that a court must inform a defendant of a mandatory minimum sentence even if the incarceration is mandatory under a probation provision. See, *State v. Van Ackeren*, 234 Neb. 535, 451 N.W.2d 707 (1990) (habitual criminal enhancement of sentence); *State v. Stastny*, 223 Neb. 903, 395 N.W.2d 492 (1986) (mandatory minimum incarceration period under probation provision). Similarly, we have held that trial courts must also advise a defendant if restitution to a victim is a possible consequence of a plea because this type of restitution is a criminal penalty. *State v. War Bonnett*, 229 Neb. 681, 428 N.W.2d 508 (1988). In general, under Nebraska law, a defendant must be informed of those consequences which affect the range of possible sentences or periods of incarceration for each charge and the amount of any fine to be imposed as a part of a sentence.

Other jurisdictions have determined that the duty to register under the Act is a collateral consequence of a plea of guilty or no contest and that the court's failure to advise a defendant of this requirement does not invalidate the plea. See, e.g., *State v. Young*, 112 Ariz. 361, 542 P.2d 20 (1975); *People v. Montaine*, 7 P.3d 1065 (Colo. App. 1999); *Nelson v. State*, 780 So. 2d 294 (Fla. App. 2001); *State v. Timperley*, 599 N.W.2d 866 (S.D. 1999).

■ We conclude that the district court was not required to inform Schneider of the collateral consequence of the duties imposed under the Act before accepting his pleas of no contest and that his pleas were not rendered involuntary or unintelligent because he was not aware of this requirement.

### FAIR AND JUST REASON TO WITHDRAW PLEAS

Schneider also contends that the district court's failure to inform him of the registration requirement under the Act established a fair and just reason for withdrawing his pleas. He argues that the court erred in denying his motion because it imposed the wrong standard in its disposition of the motion—whether his

plea was constitutionally valid—instead of whether he presented a fair and just reason. The State does not dispute that Schneider was not aware of the registration requirement but contends that the court did not err in denying Schneider's motion to withdraw his plea after finding that the plea was constitutionally valid.

After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. *State v. Carlson*, 260 Neb. 815, 619 N.W.2d 832 (2000); *State v. Wetherell*, 259 Neb. 341, 609 N.W.2d 672 (2000). The burden is upon the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *State v. Carlson, supra.*

In *Carlson*, we specifically rejected the more liberal disposition standard suggested by the American Bar Association for motions to withdraw a plea before sentencing and stated that a trial court *may in its discretion* permit the withdrawal of a plea before sentencing. See *id.* (noting that American Bar Association suggests that trial court *should* allow defendant to withdraw plea for any fair and just reason before sentencing). See, also, *State v. Minshall*, 227 Neb. 210, 416 N.W.2d 585 (1987).

In *Carlson, supra,* the defendant assigned that the district court erred in failing to find that he had established a fair and just reason to withdraw the plea because the court did not ask him if his plea had been induced by any promises. This court held that the colloquy between the court and the defendant was in compliance with *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), and, therefore, was sufficient to support the district court's determination that the plea was entered freely, intelligently, voluntarily, and understandingly.

> To the extent that [the defendant] claims that the district court failed to make the proper inquiry prior to the time the plea was entered and accepted, the claim is without merit. Accordingly, the district court did not abuse its discretion in denying [the defendant]'s motion to withdraw the plea on the basis of an inadequate allocution . . . .

*Carlson*, 260 Neb. at 824, 619 N.W.2d at 838.

■ In this case, we have determined that the district court was not required to inform Schneider of the sex offender registration requirement before accepting his pleas of no contest. In accordance with *Carlson*, the district court did not abuse its discretion by denying Schneider's motion to withdraw his pleas.

### EXCESSIVE SENTENCES

Finally, Schneider contends that the court abused its discretion by imposing excessive sentences.

■ Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. *State v. Roeder*, 262 Neb. 951, 636 N.W.2d 870 (2001).

Schneider was convicted of two counts of attempted sexual contact with a child, a Class I misdemeanor under Neb. Rev. Stat. §§ 28-201(4)(e) and 28-320.01 (Cum. Supp. 2000). The penalty for a Class I misdemeanor is a maximum of 1 year's imprisonment, a $1,000 fine, or both, with no minimum. Neb. Rev. Stat. § 28-106 (Cum. Supp. 2000). Schneider was sentenced to a term of 1 year's imprisonment on each count, to be served consecutively. His sentences were within the statutory limits. Although Schneider argues that the imposition of consecutive sentences was excessive, the district court noted that the presentence investigation showed that Schneider had a substantial criminal record, including a charge of contributing to the delinquency of a child which involved circumstances similar to facts of his current charges. The district court did not abuse its discretion.

### CONCLUSION

We conclude that the district court did not abuse its discretion in denying Schneider's motion to withdraw his pleas or in sentencing him. His convictions and sentences are affirmed.

AFFIRMED.