STATE OF NEBRASKA, APPELLANT, V.
JAYSON R. BOUSUM, APPELLEE.

674 N.W.2d 802

Filed February 24, 2004.   No. A-03-473.

L. Kenneth Polikov, Sarpy County Attorney, John E. Higgins, and Brett S. Charles for appellant.

Christopher A. Vacanti, of Cohen, Vacanti, Higgins & Shattuck, for appellee.

IRWIN, Chief Judge, and HANNON and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

The State of Nebraska appeals from an order of the district court for Sarpy County, Nebraska, which withdrew Jayson R. Bousum's plea and conviction sua sponte. Because we find that the district court erred in determining sua sponte and based on the presentence investigation report that the factual basis was inadequate to support the already accepted plea, we reverse, and remand with directions.

## II. BACKGROUND

On December 31, 2002, Bousum pled no contest to an amended charge of third degree assault. In exchange for his plea, the State dismissed a separate charge of use of a weapon to commit a felony. When Bousum entered his plea, the State provided the following factual basis in open court:

> Judge, if called to trial, the State anticipates that [it] would produce evidence that on or about July 27[, 2002,] the complaining witness in the case, Jeremy Brungardt, became involved in an altercation with a third party. . . . Bousum . . . intervened during that altercation. . . . Bousum and others subdued Mr. Brungardt. After Mr. Brungardt had been subdued, while he was on the ground, [Bousum] struck Mr. Brungardt, causing bodily injury to him. The events took place in Sarpy County, Nebraska.

The district court accepted the factual basis and accepted the no contest plea. The court found Bousum guilty of the amended charge. The court then ordered a presentence investigation.

On February 14, 2003, the parties returned to court for sentencing. Bousum specifically indicated to the court that he knew of no reason why his sentence should not be imposed. Bousum did not challenge his conviction or the factual basis underlying his plea, and he did not make any motion to withdraw the plea. Similarly, the State did not make any motion to have the plea withdrawn. The district court judge then, sua sponte, began commenting on the contents of the presentence investigation report. After noting that a third party who had been involved in the altercation with Jeremy Brungardt, Bousum's victim, had completed a victim impact statement in which he questioned the propriety of charging Bousum for what happened while Bousum

and another third party were breaking up the altercation, the district court judge commented, "That's a question mark I would have." The district court judge then said:

> Well, after all that, I think this is a case that should never have been filed against you . . . Bousum . . . so what I'm going to do is find that there's a lack of a factual basis [and] set aside that conviction, and I have a copy of the order for you and counsel.

The court's order dismissed the case with prejudice.

On February 28, 2003, the parties returned to court for a "hearing" on a motion to reconsider filed by the State. The State attempted to have an exhibit marked, and the district court judge said, "Not in my court. That case is done." When the State represented that the exhibit concerned the motion to reconsider, the district court judge said:

> The motion is denied. If you want to go after somebody that became involved in this fracas, the person that started that fight is the one who's at fault. And when I got this case a couple of weeks ago, you wanted to make restitution to another person. I'm not going to put up with that.
>
> Motion denied.

This timely appeal followed.

### III. ASSIGNMENTS OF ERROR

The State has assigned four errors, all of which amount to challenges to the district court's sua sponte withdrawal of Bousum's plea and setting aside of Bousum's conviction.

### IV. ANALYSIS

#### 1. WITHDRAWAL OF PLEA

The State asserts that the district court erred in withdrawing Bousum's plea without any motion by Bousum and without providing the State any notice that the factual basis was at issue. We agree.

Prior to sentencing, the withdrawal of a plea forming the basis of a conviction is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion. *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002); *State v. Roeder*, 262 Neb. 951, 636 N.W.2d

870 (2001). The State argues, however, that the district court is without authority to order a plea withdrawn sua sponte, or without any motion by the defendant requesting such relief. Our research reveals no authority which allows the court to take such action; we are unable to find any reported case in which a trial court has sua sponte determined, based on a presentence investigation report, that a previously accepted factual basis was actually not sufficient.

However, even assuming, and without specifically deciding, that a court would, in a proper case, have the authority to take up the issue sua sponte, we find that the district court abused its discretion in doing so in this case. It is clear that the factual basis in the present case was sufficient to support the no contest plea, and the district court abused its discretion in determining otherwise.

The standard for determining the validity of a plea is whether it represents a voluntary and intelligent choice among alternative courses of action open to the defendant. See *State v. Dean*, 237 Neb. 65, 464 N.W.2d 782 (1991). To support a finding that a plea has been entered freely, intelligently, voluntarily, and understandingly, (1) the trial court must inform the defendant concerning the nature of the charge, the right to assistance of counsel, the right to confront witnesses against him or her, the right to a jury trial, and the right against self-incrimination, and must examine the defendant to determine that he or she understands the foregoing; additionally, (2) the record must establish that there is a factual basis for the plea and that the defendant knew the range of penalties for the crime with which he or she is charged. See *id.*

As noted above, Bousum entered a no contest plea to a charge of third degree assault. The only required elements of third degree assault are intentionally, knowingly, or recklessly causing bodily injury to another person, or threatening another in a menacing manner. Neb. Rev. Stat. § 28-310 (Reissue 1995). The factual basis presented at the time of Bousum's plea indicated that Bousum struck Brungardt while Brungardt was subdued on the ground and that Bousum caused bodily injury to Brungardt. In fact, in his statement in the presentence investigation report, Bousum indicated, " 'I knew I hit . . . Brungardt[;] I just wasn't sure w[h]ere.' "

We are at a loss as to how the factual basis was insufficient to support Bousum's intelligent, voluntary, and understanding no contest plea. Even assuming that it is appropriate for a district court to accept a factual basis, find the defendant guilty, and then sua sponte address the sufficiency of the factual basis in light of a presentence investigation report, an issue we expressly do not decide, the record in this case clearly established an adequate factual basis to support a no contest plea to a charge of third degree assault. As such, the district court's order withdrawing the plea and dismissing the case with prejudice must be reversed.

## 2. OTHER IMPROPRIETIES

We feel it necessary to further comment on the conduct and the comments of the district court judge in this case. We are troubled by the appearance that the judge disagreed with the prosecutor's decision to prosecute the case and that such disagreement resulted in the abuse of discretion discussed above.

We first note that if the district court judge were indeed concerned about the adequacy of the factual basis in light of the presentence investigation report, there is no justifiable reason for him to have denied the State's request to have additional exhibits received at the hearing on the State's motion to reconsider. The State has represented on appeal that the exhibit which the judge refused to have marked during the hearing consisted of additional police statements which were apparently not included in the presentence investigation report and which further supported the factual basis presented at the time of the plea. To the extent the presentence investigation report somehow lessened the quality of the factual basis presented at the time of the plea, and to the extent the judge was actually concerned about that, there is no justifiable basis for his refusal to consider additional material on the issue.

As mentioned above, we specifically note that the district court judge made comments, on the record, indicating a disagreement with the prosecutor's decision to prosecute this case. The judge commented that the charges should never have been filed and indicated to the State that it should be pursuing a different person in relation to this incident. In light of the fact that there was clearly an adequate factual basis to support the plea,

the judge's comments are troubling and suggest that the court's decision to sua sponte withdraw the plea was based more on a disagreement with the decision to prosecute than on an actual legal insufficiency in the plea process. See Neb. Rev. Stat. § 23-1201 (Reissue 1997) (duty of county attorney to prosecute when in possession of evidence warranting belief in person's guilt of felony or misdemeanor).

### 3. DIRECTIONS ON REMAND

Because of our finding herein that the district court abused its discretion in sua sponte ordering the withdrawal of Bousum's plea and dismissing the case with prejudice, the district court's order must be reversed and the case must be remanded for a new sentencing hearing. In light of the other troubling aspects of the district court judge's conduct and comments concerning this case, we order that the case proceed to a new sentencing hearing in front of a different district court judge.

## V. CONCLUSION

The district court abused its discretion, and the court's order withdrawing the plea, setting aside the conviction, and dismissing the case with prejudice is reversed. The case is remanded for a new sentencing hearing in front of a different district court judge.

REVERSED AND REMANDED WITH DIRECTIONS.