Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/19/2023 09:07 AM CDT

State of Nebraska, appellee, v.
Oneil Hinds, appellant.

___ N.W.2d ___

Filed September 12, 2023.    No. A-22-762.

1. **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.

2. **Courts: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.

3. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

4. **Appeal and Error.** An appellate court independently reviews questions of law in appeals from the county court.

5. **Criminal Law: Courts: Appeal and Error.** When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that an appellate court applies to decide appeals from criminal convictions in district court.

6. **Pleas.** After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered.

7. **Pleas: Proof.** The burden is upon the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea.

Appeal from the District Court for Douglas County, Timothy P. Burns, Judge, on appeal thereto from the County Court

for Douglas County, STEPHANIE R. HANSEN, Judge. Judgment of District Court reversed and remanded with directions.

Andrea Finegan McChesney, of M|F Law Omaha, for appellant.

No appearance by appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Oneil Hinds appeals from an order of the Douglas County District Court, which affirmed Hinds' conviction and sentence in the Douglas County Court for assault and battery under the Omaha city code. Hinds challenges the county court's denial of his motion to withdraw his no contest plea and argues that the county court imposed an excessive sentence. For the reasons that follow, we reverse, and remand with directions to grant Hinds' motion to withdraw his plea.

## BACKGROUND

At the outset, we note that the present case involves an appeal from the district court acting as an intermediate appellate court. Under Neb. Ct. R. App. P. § 2-105(B)(3) (rev. 2023):

> (a) Where an appeal is taken from a district court acting as an intermediate appellate court, the clerk of the district court shall transmit to the Clerk without a request by appellant:
> (i) the bill of exceptions of the county court or other tribunal inferior to the district court which is the official record of the county court or other tribunal proceeding, and
> (ii) any supplemental bills of exceptions from the county court or inferior tribunal which were reviewed by the district court.

(b) No specific request for the transmission of the official record of the county court or inferior tribunal bills of exceptions shall be required by appellant, and such bills of exceptions shall not be included as an exhibit in any bill of exceptions in the district court.

Accordingly, the bill of exceptions of the county court was prepared and transmitted to this court by operation of this rule.

In July 2021, the State filed a criminal complaint in the county court, alleging that Hinds committed "Assault and Battery (Sexual Assault - Touch)" in violation of Omaha Mun. Code ch. 20, art. IV, div. 1, § 20-61 (1980). Specifically, the State alleged that Hinds

did unlawfully, purposely or knowingly: (a) strike or attempt to strike [J.B.] with intent to cause bodily injury or (b) cause or attempt to cause bodily injury to [J.B.] or (c) place [J.B.] in fear of imminent bodily harm or (d) touch the sexual or intimate parts of the body of [J.B.] without his/her consent for the purpose of arousing or gratifying the sexual desire of either party.

Hinds appeared before the county court and pled not guilty. The case came on for a bench trial in October 2021; however, following the State's opening statement and a brief consultation with counsel, Hinds advised the court that he intended to plead no contest. The court then advised Hinds of the possible penalties, including that "assault and battery under the city code [inter alia] does subject you to the Nebraska sex offender registry." Hinds responded, "Oh, no, no, no, no, no." The State interjected, "If we stipulate to the factual basis and then agree that we'd make it a non-registerable offense, I'd be happy . . . to agree to that." Defense counsel agreed, stating that "we are actually stipulating to the factual basis, and going to agree that this is going to be a non-registerable offense. That was the plan." The court began to explain that the dispositive question was whether the factual basis contained a "sexual component," but Hinds interrupted the court

and stated, "I want to take it to trial then." The court then finished its explanation as follows:

[I]f the factual basis does not contain a sexual component, then I can go forward and assume it's not a sexual offense. But if it contains a sexual component, I would — I believe that [it is] my duty . . . to place you on the sex offender registry, so I'm giving you that heads-up. It's up to these guys what they're going to tell me, but I'm telling you, right now, so that there's no surprises later . . . if there's a part of that factual basis that contains a sexual element, then I believe I have to place you on the sex offender registry. So, I'm just making sure that that's crystal clear to everyone, whether it is the state or the defense or [Hinds].

Thereafter, the court advised Hinds of his rights and the following exchange occurred on the record:

[Court:] Okay. And how do you plead to Count 1: Assault and Battery under the city code?

[Prosecutor:] Judge, we have agreed to stipulate that there is a factual basis to constitute all the elements of this crime.

[Hinds:] Yes, Your Honor.

[Court:] So how do you plead?

[Hinds:] No contest.

. . . .

[Court:] And do you have a stipulated factual basis that you want the Court to receive?

[Prosecutor:] Yes, Your Honor. I was a little premature, I apologize. That's what we're asking the Court here today.

[Court:] Okay. And — and what specifically — because it's charged as assault and battery, sexual assault, touch.

[Prosecutor:] That's correct.

[Court:] Are you okay with that, [defense counsel]?

[Defense counsel:] We will stipulate.

[Court:] That it's an assault and battery, sexual assault, touch?

[Defense counsel:] That's correct.

. . . .

[Court:] Okay. [To Hinds] And is that your agreement, that you're stipulating that the state could prove that on May 14th, 2021, within the city of Omaha, Douglas County, Nebraska, that you purposely or knowingly attempted to strike [J.B.] with the intent to cause bodily injury, or cause or attempt to cause bodily injury to [J.B.], or place [J.B.] in fear of imminent bodily harm, or touch the sexual or intimate parts of the body of [J.B.] without her consent?

[Defense counsel:] Judge, we're going to stipulate that the elements would be met under 20-61, subsection 3.

[Court:] Do you have that — I mean, do you have what subsection 3 is? I mean, I just have the complaint and it says 20-61, subsection 3, which has the A, B, C, and D.

[Defense counsel:] I think that's on the (indiscernible) as well.

[Court:] Okay. All right. And then the Court will accept the stipulation, and does find that your plea and waiver of rights have been made knowingly, intelligently, and voluntarily, and I'll find and adjudge you guilty of assault and battery, sexual touch, under . . . 20-61, section 3.

Prior to sentencing, it became apparent that the county court interpreted the parties' stipulation to be that a factual basis existed under each subsection of § 20-61, including subsection (d) regarding nonconsensual sexual touch. Hinds filed a motion to withdraw his no contest plea, alleging that "[t]he parties agree there are a number of errors on the face of the criminal complaint [and] further agree there are a number of prejudicial errors from a review of the digital record of the [plea] hearing." Primarily, Hinds alleged confusion regarding

the nature of the intended plea agreement, as the parties had "crafted a plea agreement where [Hinds] was to enter a plea of no contest to Assault & Battery under [§ 20-61(c)]" and that "the factual basis would be stipulated to by both parties" so as to avoid triggering the requirements of the Nebraska's Sex Offender Registration Act (SORA). See Neb. Rev. Stat. § 29-4001 et seq. (Reissue 2016 & Cum. Supp. 2022).

The motion pointed out that "there is no subsection (3)" in § 20-61 of the Omaha city code and alleged that the parties' references to subsection (3) were intended to refer to subsection (c). Thus, Hinds' position was that when defense counsel specifically stipulated that "the elements would be met under 20-61, subsection 3," she meant subsection (c), "which is to stipulate that the alleged victim was placed 'in fear of imminent bodily harm.'" As such, Hinds argued that his plea was not entered knowingly because he operated under the assumption that the stipulated factual basis in support of his plea did not contain a "sexual component."

At the hearing on the motion to withdraw Hinds' plea, defense counsel sought to clarify the apparent confusion as follows:

> My client had an agreement to plead to subsection C, and we would stipulate to the factual basis so that he could avoid being on the Sex Offender Registry. As we entered the plea, it is triggering a Sex Offender Registry requirement, which was not part of the plea agreement, which is specifically stated on the record in the transcript that I just provided the Court.
>
> So I would ask the Court to consider allowing us to withdraw the plea. And, if that is granted, I would ask for a new date so that the City Prosecutor can file an amended complaint; we can reenter into the plea agreement, as planned; and then go forward with sentencing under subsection C. As it is right now, the way that the complaints are generated, it is saying that the subsection that we pled to was 20-61, sub 3. Sub 3 doesn't exist

when you look at the ordinance. It's A, B, C, and D. If you were going to say that 3 coincides with C, that is placing [J.B.] in imminent bodily harm, which should not trigger the [SORA] registration. But this complaint, as it is filed, also has the words "sexual touch," which is subsection D. So, on the face, there are a number of issues with this complaint. And, in addition, we did a poor job at making a record. And I would include myself in that.

The State opposed the motion on the following grounds:

Everything [defense counsel] said is true. You have the record in front of you. We both tried to mitigate his exposure to the Sex Offender Registry on the record. However, as the Court also knows, that if the Court has any indication from us — a complaint, a PSI — that there is a sexual element to this, that the Court is duty bound to put him on the Sex Offender Registry.

. . . .

. . . [T]his is nothing more than a collateral attack after the fact to mitigate his exposure to the Sex Offender Registry.

The county court denied Hinds' motion to withdraw his plea and proceeded to sentencing. In the opinion and order denying Hinds' motion, the court emphasized its characterization of the offense as "Assault and Battery, Sexual Assault[,] Touch" and that "the court read through the elements of the crime listed in the complaint, including [the allegations under subsection (d)]." The court ultimately found that "[Hinds'] assertion that he did not contemplate pleading to a registerable offense is simply without merit." Rather, "[t]he record is clear that [Hinds] knew what he was charged with, the possible penalties — including potential registration as a sex offender pursuant to SORA — and stipulated that the state could present facts to prove him guilty." Thus, the court denied the motion to withdraw the plea.

The county court sentenced Hinds to 123 days in jail with credit for 123 days of time served and ordered that Hinds comply with the requirements of SORA. Hinds appealed to the district court, alleging that the county court erred in (1) denying Hinds' motion to withdraw his plea and (2) denying Hinds' motion to continue trial. The district court affirmed, and this appeal followed.

## ASSIGNMENTS OF ERROR

Hinds assigns, restated, that the district court erred in affirming the county court's denial of Hinds' motion to withdraw his plea. Hinds also assigns that the county court erred in imposing an excessive sentence; however, Hinds failed to raise that assignment of error on appeal to the district court and has thus waived that issue in this appeal. See *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990) (in appeal from intermediate appeal to district court, higher appellate courts consider only errors specifically assigned in appeal to district court and again assigned as error in appeal to higher appellate court).

## STANDARD OF REVIEW

[1-5] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Avey*, 288 Neb. 233, 846 N.W.2d 662 (2014). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* But we independently review questions of law in appeals from the county court. *Id.* When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id.*

## ANALYSIS

Hinds assigns that the district court erred in affirming the county court's denial of his motion to withdraw his no contest plea. Hinds argues that he "was misled to believe" that he was pleading to a charge that would not trigger the requirement that he register as a sex offender. Brief for appellant at 10. Hinds acknowledges that the county court "made it clear that if the factual basis contained a sexual component, [Hinds] would be placed on the Sex Offender Registry." *Id.* However, Hinds maintains that "given the facts and evidence in the record, [Hinds] was under the impression that the factual basis did not contain a sexual component, so he was unable to heed the Court's warning." *Id.* Hinds thus argues the county court should have allowed him to withdraw his plea because it was entered under the mistaken belief that his plea and conviction would not trigger the registration requirements under SORA.

[6,7] After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002). The burden is upon the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *Id.*

Hinds was charged with one count of assault and battery in violation of § 20-61. In its entirety, § 20-61 reads as follows:

> It shall be unlawful for any person purposely or knowingly to:
>
> (a) Strike or attempt to strike another person with the intent to cause bodily injury;
>
> (b) Cause or attempt to cause bodily injury to another person;
>
> (c) Place another person in fear of imminent bodily harm; or

(d) Touch the sexual or intimate parts of the body of another person without his [or her] consent for the purpose of arousing or gratifying the sexual desire of either party.

The criminal complaint listed the charged offense as "Assault and Battery (Sexual Assault - Touch)," which suggests that Hinds was being charged with nonconsensual sexual touch under § 20-61(d). Yet, the body of the complaint contained allegations under each of the four subsections, (a) through (d), and discussions on the record suggested an agreement between the parties to narrow the allegations in the complaint to those brought under subsection (c) alone. Moreover, the heading of the complaint cited "§ 20-61(3)," and the parties later explained that they understood subsection (3) to refer to subsection (c). These inconsistencies in the complaint and in the discussions on the record gave rise to an understandable confusion before the county court regarding which subsection(s) of § 20-61 Hinds ultimately pled to violating.

The discussions at the plea hearing regarding the proposed plea agreement are admittedly difficult to decipher, and the lack of a written plea agreement exacerbates that difficulty. However, at the hearing on Hinds' motion to withdraw his plea, defense counsel explained, with some degree of clarity, the original intention of the parties and the source of the confusion that arose regarding the stipulated factual basis. Despite the State's opposition to Hinds' motion to withdraw his plea, the prosecutor generally agreed with defense counsel's characterization of the intended plea agreement and the nature of the miscommunication during the plea hearing.

Notwithstanding the confusion on the record in this case, the apparent intention of the parties was that Hinds plead no contest to a violation of § 20-61(c) and then stipulate to a factual basis limited to the allegations under that subsection. Yet, in light of the misleading references to "subsection 3" and the parties' acquiescence to the county court's characterization of the offense as "sexual assault, touch," the county

court understandably interpreted the stipulated factual basis to include the allegations under subsection (d). Under that interpretation, the county court was correct to conclude that the stipulated factual basis in support of Hinds' plea contained a sexual component that triggered SORA. However, the record on appeal clearly and convincingly establishes that such was a misinterpretation of the parties' intention. More importantly, the record establishes that the county court's interpretation of the purported plea agreement and stipulated factual basis was incongruous with Hinds' understanding of those matters at the time that he entered his plea.

In denying Hinds' motion to withdraw his plea, the county court indicated that Hinds' argument in favor of withdrawal was that "he did not contemplate pleading to a registerable offense," and thus, the court emphasized that Hinds "knew what he was charged with, the possible penalties—including potential registration as a sex offender pursuant to SORA." We agree Hinds was clearly aware that, at least in the first instance, he was charged with a "registerable offense" and that a conviction on the complaint as charged would have subjected him to SORA. Although, immediately after the court advised Hinds of that risk, defense counsel and the State ostensibly agreed to "stipulate to the factual basis and . . . make it a nonregisterable offense."

When the court suggested that Hinds may nevertheless be subject to SORA depending on the nature of the factual basis in support of his plea, Hinds immediately declared his intention to proceed to trial. However, Hinds ultimately reversed course and pled no contest in reliance on the agreement between defense counsel and the State to stipulate to a factual basis "under [§] 20-61, subsection 3." As defense counsel later explained, the parties understood "subsection 3" to refer to "subsection C," which does not contain a sexual component. Yet, the county court ultimately found Hinds guilty under § "20-61, subsection 3," which the court interpreted to mean the entirety of § 20-61, inclusive of subsection (d). While

this serious miscommunication foreclosed implementation of the parties' plea agreement as intended, such appears to have been unbeknownst to and due to no fault of Hinds. Under these circumstances, Hinds ought to have been allowed to withdraw his plea so the parties could either rectify the miscommunication and proceed with the plea agreement as originally intended or proceed to trial on the complaint as charged.

Thus, we conclude that Hinds carried his burden to prove a fair and just reason to withdraw his no contest plea, and we find that it was an abuse of discretion for the county court to deny Hinds' motion to withdraw his plea. We further conclude that it was an abuse of discretion for the district court to affirm the county court's decision in that regard. Accordingly, we reverse, and remand with directions to grant Hinds' motion to withdraw his plea.

## CONCLUSION

For the foregoing reasons, we reverse, and remand with directions to grant Hinds' motion to withdraw his plea.

REVERSED AND REMANDED WITH DIRECTIONS.