IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. FURSTENFELD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

LISA B. FURSTENFELD, APPELLANT.

Filed June 13, 2023.    Nos. A-22-884, A-22-886.

Appeals from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Timothy S. Noerrlinger, of Naylor & Rappl Law Office, for appellant.

Michael T. Hilgers, Attorney General, and Jordan Osborne for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Lisa B. Furstenfeld appeals from her plea-based convictions in two separate cases in Lancaster County District Court. The district court accepted Furstenfeld's pleas for each case at the same hearing, and sentenced Furstenfeld in each case at another hearing. This court has consolidated the cases for briefing and disposition. Furstenfeld assigns that the district court abused its discretion in overruling her motion to withdraw her plea and alleges that she received ineffective assistance of trial counsel due to trial counsel's failure to offer evidence at the hearing to withdraw her plea. Following our review, we affirm.

## BACKGROUND

According to the factual basis provided at the plea hearing, in September 2020, officers were dispatched to a residence in Lincoln, Nebraska, for a report regarding a domestic assault. The victim reported that the mother of his children had assaulted him while in his vehicle at her

residence. He stated that he and Furstenfeld were in the vehicle, he told Furstenfeld to stop arguing in front of their children, and he was recording Furstenfeld, which upset her. She grabbed the back of the victim's shirt and pulled back tight against his neck, which affected his speaking and caused his breathing to appear labored. The victim put the phone down after Furstenfeld became verbal with him, and Furstenfeld hit him in the face with what appeared to be the backside of her hand. Furstenfeld was holding one of their shared minor children, who was crying, during this time.

These events led to Furstenfeld's charges in case No. A-22-884, where she was originally charged with assault by strangulation, a Class IIIA felony, third degree domestic assault, a Class I misdemeanor, and child abuse, a Class I misdemeanor. Pursuant to a plea agreement, Furstenfeld pled no contest to third degree domestic assault, and the State agreed to dismiss the remaining charges. The State also agreed to withdraw the motion to revoke bond that had been filed in the case.

In support of Furstenfeld's plea in the second case, the State provided the following factual basis. On October 11, 2021, officers responded to a mental health investigation at a residence in Lincoln, Nebraska. The victim in case No. A-22-884 had contacted officers because Furstenfeld had told him she was going to commit suicide and had made additional statements regarding the suicide of their shared minor children. Officers reviewed text messages from Furstenfeld that said the father of her children was forcing her to commit suicide, that it was sick but that was what he was making them do, and that they would go through with it as she did not want her kids in a world like that. Furstenfeld had also texted that she had weapons.

Officers began knocking on the door and saw one of the minor children, who retreated into the home. Officers saw Furstenfeld, and she could see them at the door but would not let them in the house. Officers forced entry by kicking in the door; Furstenfeld was holding one of the minor children when officers entered. Furstenfeld had a hammer on her person, and she resisted arrest when officers entered. Officers took Furstenfeld to the ground and during the interaction she bit a law enforcement officer which caused the officer pain and laceration.

These events led to Furstenfeld's charges in case No. A-22-886. She was originally charged with third degree assault on an officer or health care professional, a Class IIIA felony, and child abuse, a Class I misdemeanor. Pursuant to a plea agreement, Furstenfeld pled no contest to child abuse, and the State dismissed the remaining charge.

During the July 19, 2022, plea hearing, the district court questioned Furstenfeld to determine whether she was currently using any alcohol, drugs, narcotics, or medication, or if she had been diagnosed with a mental health condition. Furstenfeld stated she was not under the influence, and that she had not formally had a diagnosis, but that she did suffer from anxiety and had previously been using medication up until the last 2 years. The district court confirmed with Furstenfeld that the anxiety or lack of medication was not affecting her ability to understand the proceedings, and she responded that she was not having any difficulty understanding the district court or the proceedings. After hearing the State's evidence, the district court confirmed with Furstenfeld that she still wished to enter her pleas, and that she was doing so freely and voluntarily. The district court found that Furstenfeld was entering her pleas freely, voluntarily, knowingly, and intelligently, and that she understood her rights and was waiving them freely and voluntarily.

Approximately 2 months after the plea hearing, Furstenfeld moved to withdraw the plea she entered in her case at case No. A-22-884; the motion did not state the basis for the request. No

such motion appears in the transcript filed with this court in case No. A-22-886. At a hearing on the motion, Furstenfeld's trial counsel informed the district court that shortly after entering her pleas, Furstenfeld informed counsel that she felt coerced and that she did not understand what was happening at the plea hearing. Counsel stated that since that time, he did not know if Furstenfeld understood that she entered pleas, and because she did not intend to enter her plea and may not have been competent to enter her plea, Furstenfeld was requesting to withdraw the pleas.

The State opposed the motion, arguing that it had not been given adequate notice as to the rationale for withdrawal and that it was not given notice to provide the district court with information as far as Furstenfeld's competency to enter the plea. The State noted that the district judge that accepted the plea found that Furstenfeld was understanding what she was saying, was tracking her questions, and did not appear to be under the influence, and that the State would be prejudiced by allowing withdrawal given the age of the case. The district court overruled the motion to withdraw the pleas. Sentencing was scheduled for a later date.

Furstenfeld was represented by new counsel at sentencing. She was sentenced to 2 years of probation in each case, to be served concurrently. Furstenfeld appeals.

## ASSIGNMENTS OF ERROR

Furstenfeld assigns that the district court abused its discretion in overruling her motion to withdraw her plea, and that trial counsel was ineffective for failing to present evidence at the hearing on the motion to withdraw her plea.

## STANDARD OF REVIEW

An appellate court will not disturb the trial court's ruling on a presentencing motion to withdraw a guilty or no contest plea absent an abuse of discretion. *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *Id*. In reviewing a claim of ineffective assistance of trial counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by defense counsel's alleged deficient performance. *Id*.

## ANALYSIS

*Withdrawal of Plea*s.

Furstenfeld assigns the district court abused its discretion in overruling her motion to withdraw her pleas. We note that a motion to withdraw appears only in the transcript in case No. A-22-884. However, it seems the parties and the court treated this as a motion to withdraw the pleas in both cases. Regardless of whether the motion to withdraw was for one case or both, it would not change the result in this matter. When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may sustain the motion for any fair and just reason, provided that such withdrawal would not substantially prejudice the prosecution. *State v. Warner,*

*supra*. The defendant has the burden to show the grounds for withdrawal by clear and convincing evidence. *Id*.

Two months passed before Furstenfeld moved to withdraw her pleas. Furstenfeld's counsel stated that he became concerned that Furstenfeld may not have understood what was happening at the plea hearing, and that she told him later that she felt coerced. But no further information was provided as to how she was coerced, or about what she did not understand about the plea hearing. The record of the plea hearing reflects that the district court determined, based on Furstenfeld's answers to various questions, that Furstenfeld understood what was occurring. Furstenfeld also confirmed that she was entering the plea of her own free will, and that she was waiving her rights freely and voluntarily.

Furstenfeld argues that she felt coerced because the State had agreed to withdraw its motion to revoke her bond if she entered her plea, and that she was faced with accepting the plea agreement and retaining her liberty or rejecting the agreement and waiting for trial while incarcerated. She also argues that there were concerns about her competency and mental health raised throughout the pendency of the cases. The burden was on Furstenfeld to show a basis for withdrawing her plea.

At the time of the plea hearing, a motion to revoke Furstenfeld's bond was pending, and the State agreed to withdraw that motion if Furstenfeld entered pleas to the charges. When entering her plea, Furstenfeld confirmed that she was doing so freely and voluntarily. At the hearing on the motion to withdraw her plea, trial counsel informed the district court that Furstenfeld felt coerced but did not provide further explanation. On appeal, she argues she was coerced because a motion to revoke bond was on file. She did not present this reason to the district court when she requested to withdraw her plea. But even if Furstenfeld had provided the district court with the reason she provides this court on appeal, it would still not have been an abuse of discretion to deny her motion to withdraw her plea. In *State v. Roeder*, 262 Neb. 951, 636 N.W.2d 870 (2001), the Nebraska Supreme Court affirmed a district court's denial of a motion to withdraw a plea that was based on a defendant's argument that she only entered her plea to stay out of jail, not because she was guilty. We cannot say it was an abuse of discretion to deny the motion to withdraw the pleas on this basis.

As it relates to her competency and mental health, the record shows that in September 2021, the district court entered an order in case No. A-22-884 for a competency evaluation. However, in October, new counsel entered an appearance for Furstenfeld, and the district court entered an order withdrawing the order for competency evaluation, upon Furstenfeld's motion. At a December hearing, the State noted that based on conversations with Furstenfeld and her family, the State might need to make a motion for competency. Trial counsel stated that Furstenfeld had mental health problems, but that they did not rise to the level of being incompetent. Trial counsel stated that Furstenfeld knew the difference between right and wrong, was able to help him on her defense, and that he believed she just needed help that could not be provided locally. There were discussions of Furstenfeld being released on bond to seek mental health treatment out of state.

At the plea hearing, Furstenfeld stated that she had not been formally diagnosed with a mental health condition, but that she suffered from anxiety and had previously been on medication. She confirmed for the district court that the anxiety, and the lack of medication, did not affect her ability to understand the district court or the proceedings. The only information presented to the district court regarding Furstenfeld's competency as a reason for withdrawing her pleas was that

trial counsel was not sure Furstenfeld understood what was happening at the plea hearing, despite her statements at the plea hearing to the contrary and despite previous trial counsel's statements that Furstenfeld's mental health issues did not rise to the level of incompetency. On this record, we cannot say that the district court abused its discretion in overruling Furstenfeld's motion to withdraw her pleas.

*Ineffective Assistance of Counsel.*

Furstenfeld argues that she received ineffective assistance of trial counsel when trial counsel failed to present evidence at the hearing on her motion to withdraw her plea. When, as here, a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

Furstenfeld argues that had trial counsel called her to testify she would have explained why she felt coerced, in that she was facing immediate imprisonment if she did not accept the plea and felt threatened, and that she did not have adequate time to discuss the plea agreement and felt rushed. She also argues trial counsel failed to elaborate on what information he received that put him on alert that Furstenfeld may not have entered her plea freely and voluntarily. We find the record is sufficient to address these claims and they are without merit.

Furstenfeld argues she felt coerced because she was facing immediate imprisonment if she did not enter her pleas. She claims trial counsel was ineffective in failing to call her to testify. But, as discussed above, it was not an abuse of discretion to deny a motion to withdraw a plea on this basis. As such, counsel did not perform deficiently in failing to call Furstenfeld as a witness to testify as to this issue. As to Furstenfeld's assertions that counsel was ineffective for failing to introduce evidence regarding her competency, we find the record refutes her allegation. First, we note that Furstenfeld only asserts that counsel had concerns regarding her competency, not that she was actually incompetent. A person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense. *State v. Saufley*, 29 Neb. App. 592, 956 N.W.2d 726 (2021). The test of mental capacity to plead is the same as that required to stand trial. *Id*. Requiring that a defendant be competent has a modest aim: It seeks to ensure that he or she has the capacity to understand the proceedings and to assist counsel. *Id*. A defendant can meet the modest aim of legal competency, despite paranoia, emotional disorders, unstable mental conditions, and suicidal tendencies. *Id*. The fundamental question is whether the defendant's mental disorder or condition prevents the defendant from having the capacity to understand the nature and object of the proceedings, to comprehend the defendant's own condition in reference to such proceedings, and to make a rational defense. *Id*.

The record of the plea hearing shows that Furstenfeld confirmed that she was not affected by her anxiety or lack of medication. The district court determined that Furstenfeld was answering appropriately and was following the district court's questions; the district court found that she was

competent to proceed. Furstenfeld confirmed that she understood her rights as explained by the district court, and she confirmed that she wished to waive those rights. Furstenfeld also confirmed that she was satisfied with trial counsel, that they had discussed the charges and possible defenses, and that there was nothing she had asked trial counsel to do that he had not done. She confirmed that she wished to enter her pleas and that she did so freely and voluntarily. Furstenfeld's participation in the plea hearing refutes a claim of incompetency. Counsel was not ineffective in failing to introduce evidence about his concerns of her competency.

## CONCLUSION

We find that the district court did not abuse its discretion in overruling Furstenfeld's motion to withdraw her plea. The record is sufficient to address Furstenfeld's claim of ineffective assistance of trial counsel, and the record refutes those allegations. We therefore affirm Furstenfeld's convictions and sentences.

AFFIRMED.