Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/19/2025 08:07 AM CST

State of Nebraska, appellee, v. Cristian E.
Gonzalez Molina, appellant.

___ N.W.3d ___

Filed December 19, 2025.    No. S-24-697.

1. **Appeal and Error.** An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

2. ____. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

3. ____. When reviewing proceedings for plain error, an appellate court is not constrained by the specific arguments raised in the briefs, nor is it required to consider every error that may have occurred in the lower court.

4. ____. Generally, an appellate court will find plain error only when a miscarriage of justice would otherwise occur.

5. **Criminal Law: Appeal and Error.** Under the invited error doctrine, a defendant in a criminal case may not take advantage of an alleged error which the defendant invited the trial court to commit.

Petition for further review from the Court of Appeals, Riedmann, Chief Judge, and Arterburn and Pirtle, Judges, on appeal thereto from the District Court for Lancaster County, Susan I. Strong, Judge, on appeal thereto from the County Court for Lancaster County, Thomas E. Zimmerman, Judge. Sentence vacated, and cause remanded with direction.

Matt Catlett, of Law Office of Matt Catlett, for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Funke, C.J.

## I. INTRODUCTION

Cristian E. Gonzalez Molina was convicted in Lancaster County, Nebraska, of driving under the influence (DUI), third offense, and was sentenced accordingly. Due to issues with the adequacy of the plea, the sentence was vacated and the matter remanded for resentencing. At the resentencing hearing, Molina was, again, sentenced in accordance with a third-offense DUI, even though evidence of Molina's two previous DUI convictions had not been offered or received. Molina appealed, and the district court and the Nebraska Court of Appeals affirmed the sentence.[1] Because we conclude that the Court of Appeals plainly erred in affirming the sentence for a third-offense DUI, despite the lack of evidence of prior convictions, and in misapplying the invited error doctrine, we vacate the sentence and remand the cause for another enhancement and sentencing hearing.

## II. BACKGROUND

After responding to a noise complaint, officers discovered Molina sleeping in the driver's seat of a running vehicle. The vehicle was parked parallel to a public street, with two tires on a driveway and two tires touching the street. After waking Molina, officers noticed that there was an "odor of alcohol coming from him," and Molina admitted to "drinking earlier in the evening." A test of Molina's breath revealed that Molina had a blood alcohol content of .127. Officers took Molina into custody.

---

[1] See *State v. Molina*, No. A-24-697, 2025 WL 926850 (Neb. App. Mar. 25, 2025) (selected for posting to court website).

Based on these events, Molina was charged, in a second amended complaint, with DUI, third offense. Molina pled no contest, and the matter proceeded to enhancement and sentencing.

### 1. County Court

#### (a) February 9, 2023, Plea Hearing

A hearing was held by the county court on February 9, 2023. Though the bill of exceptions from this hearing does not appear in our record, the transcript contains a "Journal Entry and Order," which indicates that the county court accepted Molina's plea of no contest, received several exhibits, and took the matter under advisement. The record on appeal also indicates that Molina was subsequently sentenced based on his plea of no contest but that, on appeal, the district court vacated the sentence, concluding that the county court had not properly elicited a plea from Molina at the February 9 hearing. As a result, the matter was remanded to the county court.

#### (b) September 29, 2023, Plea Hearing

On remand, a new plea hearing was held at which the parties and the court discussed whether the exhibits from the previous proceeding needed to be offered again. In response to that question, the county court said, "I would say so," and counsel for Molina agreed, saying, "That's what I think." The county court then stated that "[i]t's the same evidence as far as I know." The State confirmed that "[n]othing has changed." However, counsel for Molina emphasized that he wanted to be sure he "[was] not waiving . . . anything."

Exhibits 1, 2, 3, and 7 were offered and received accordingly. Exhibit 7 was an agreed-upon replacement for the previously offered and received exhibit 4, which could not be located after the initial appeal. As to exhibits 5 and 6, which apparently contained evidence of Molina's prior convictions, the following exchange was had:

THE COURT: What are we doing with those? Do you want to take those up at the time of sentencing if — if that occurs?

[The State:] Yes. Yes, Your Honor. If that occurs, if the court makes a finding that there is a sufficient factual basis as part of the plea[,] and we get to the point of sentencing, then the [S]tate would re-offer [exhibits] 5 and 6 for enhancement.

Ultimately, Molina, again, pled no contest, and the court took the matter under advisement.

(c) October 26, 2023, Enhancement
and Sentencing Hearing

At the October 26, 2023, hearing, the court found Molina guilty of DUI and proceeded to sentencing. Prior to sentencing, however, the parties and the court had the following conversation regarding exhibits 5 and 6:

THE COURT: You know, there is one further issue, I guess, and that is that we need to address enhancement, I think, again, having gone through this process, essentially —

[Defense counsel:] I th- —yeah.

THE COURT: — over again.

[Defense counsel:] [The State] and I talked about that, and I thought that [the State] offered — that among the exhibits that were received were the priors.

THE COURT: He did.

[Defense counsel:] So[,] they've been received.

THE COURT: Okay.

This assumption, however, was incorrect. Exhibits 5 and 6 were not reoffered at either the September 29, 2023, hearing or the October 26 hearing. Additionally, these exhibits are not a part of the record on appeal.

Nonetheless, the county court enhanced Molina's conviction to DUI, third offense, and sentenced Molina to 36 months of probation. As conditions of probation, the court also ordered

a 5-year license revocation, which included a prohibition on driving for 45 days and an ignition interlock provision, a $1,000 fine, and 30 days in jail with the ability to apply for house arrest. Molina appealed to the district court.

## 2. District Court

Before the district court, Molina assigned that the county court erred in (1) accepting his plea, because the factual basis was insufficient, and (2) imposing an excessive sentence. The district court affirmed the order of the county court.

On the first matter, the district court found it to be "frivolous and devoid of merit." In concluding as much, the district court cited the fact that the court had reviewed all the evidence, including exhibits 1, 2, 3, and 7, and that Molina had waived his rights, affirmed that he understood the charge, and acknowledged that he was entering his plea freely and voluntarily.

On the second matter, the district court found that the sentence was within the statutory guidelines and had not involved a reliance on impermissible factors.

Molina, again, appealed.

## 3. Court of Appeals

Before the Court of Appeals, Molina assigned that the district court erred in not finding that his sentence was excessive, because (1) the record did not contain proof of his previous convictions (2) but that even if it did, the circumstances of the offense, namely that his vehicle was partially parked on a private driveway, called for a shorter license revocation. The Court of Appeals affirmed the judgment of the district court, which had affirmed the county court's judgment.

First, the Court of Appeals declined to address Molina's assignment that his sentence was excessive. Instead, it concluded that the matter was not properly before it. In arriving at this conclusion, the Court of Appeals distinguished between sentencing and enhancement, stating:

[A]t its core, the issue raised is not a sentencing issue, but rather is an attack on whether the offense could be (or was) enhanced to a third offense based on the record. . . . [S]ince Molina did not raise any enhancement issues in his statement of errors to the district court, he cannot raise it for the first time before this court.[2]

The Court of Appeals also declined to entertain the argument that the record did not contain evidence of Molina's prior convictions. Any lack of evidence, the court concluded, was due to the statements of Molina's attorney, which it viewed as having "induced the court to forego [sic] the reintroduction of the exhibits."[3] As such, the court found this situation to be squarely within the confines of the invited error doctrine.

Second, the Court of Appeals found no abuse of discretion due to the circumstances of the offense. Based on Neb. Rev. Stat. §§ 60-6,197.03(4) (Reissue 2021) and 28-106 (Reissue 2016), as well as the fact that this was, purportedly, a third offense, the court concluded that the sentence was within the statutory limits. Additionally, under Neb. Rev. Stat. § 60-6,196 (Reissue 2021), the court found there was no significance attributable to the fact that the vehicle was partially parked on the driveway, because the statutory language required only that the individual in question be "in the actual physical control of any motor vehicle,"[4] and it is undisputed that Molina had such control.

Molina filed, and we granted, this petition for further review.[5] Based on the record, we ordered supplemental briefing on the question of "whether, during a new sentencing proceeding, the State must produce evidence to establish facts that were established during the original sentencing proceeding." Both

---

[2] *Molina, supra* note 1, 2025 WL 926850 at *3.

[3] *Id.* at *4.

[4] § 60-6,196(1).

[5] See Neb. Rev. Stat. § 24-1107 (Reissue 2016).

parties submitted briefs accordingly, and we have reviewed and considered the same.

## III. ASSIGNMENTS OF ERROR

Molina assigns, restated, that the Court of Appeals erred in finding that (1) his excessive sentence assignment of error was not properly before the court, (2) he had invited the error of the county court by indicating that evidence of his prior convictions were already part of the record, and (3) the circumstances of the offense did not necessitate a conclusion that a 5-year license revocation was excessive.

## IV. STANDARD OF REVIEW

[1] The parties cite standards of review specific to cases dealing with excessive sentences, but we need not utilize those standards, because there is plain error appearing on the record, and, as such, the controlling standard of review is as follows: An appellate court may find plain error on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.[6]

## V. ANALYSIS

Taken together, Molina's first and third assignments of error assert that his sentence was excessive because it was improperly enhanced and because the circumstances of the offense necessitated a lesser sentence. However, we need not reach the merits of either of those claims, because the plain error appearing on the record is dispositive of those two claims.

[2-4] As mentioned above, plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation,

---

[6] *State v. Childs*, 309 Neb. 427, 960 N.W.2d 585 (2021).

or fairness of the judicial process.[7] When reviewing proceedings for plain error, an appellate court is not constrained by the specific arguments raised in the briefs, nor is it required to consider every error that may have occurred in the lower court.[8] Consideration of plain error occurs at the discretion of an appellate court.[9] Generally, an appellate court will find plain error only when a miscarriage of justice would otherwise occur.[10] A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review.[11]

In this case, the plain error arises from the fact that the county court sentenced Molina based on a third-offense DUI despite the lack of evidence or stipulation of the parties of any prior convictions. As detailed above, exhibits 5 and 6, which allegedly contained evidence of Molina's prior convictions, do not appear in the record before us. The State conceded as much, both in its brief and at oral argument. As such, it matters not whether a Neb. Rev. Stat. § 60-6,197.02(3) (Reissue 2021) finding regarding Molina's previous convictions was made on the record by the county court, because there was no record produced that could have supported such a finding. Accordingly, in the absence of any evidence of prior convictions, Molina could not be sentenced for a third-offense DUI, and the Court of Appeals plainly erred in affirming such a sentence. Due to our finding of plain error, we need not determine whether, at a new sentencing proceeding, the State must produce evidence to establish facts that may have been established during the original sentencing proceeding.

The State attempts to avoid this conclusion by arguing that Molina cannot challenge his sentence because he invited the

---

[7] *In re Interest of Justine J. & Sylissa J.*, 288 Neb. 607, 849 N.W.2d 509 (2014).

[8] *Kellogg v. Mathiesen, ante* p. 223, 26 N.W.3d 651 (2025).

[9] *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022).

[10] *Mathiesen, supra* note 8.

[11] *Roth, supra* note 9.

county court to commit error when he indicated that exhibits 5 and 6 had been offered at the previous hearing. The Court of Appeals agreed with the State's argument, forming the basis for Molina's second assignment of error. Specifically, the State claims that Molina invited error in the following exchange: "[Defense counsel:] [The State] and I talked about that, and I thought that [the State] offered — that among the exhibits that were received were the priors. THE COURT: He did. [Defense counsel:] So[,] they've been received. THE COURT: Okay."

Molina, on the other hand, maintains that his counsel's statements did not induce the county court to falsely believe that exhibits 5 and 6 had been received. Instead, he asserts that it was the county court's own error to sentence him based on a third-offense DUI when exhibits 5 and 6, and, therefore, any evidence of previous convictions, had not been offered or received.

[5] We agree with Molina. The State's argument relies on the invited error doctrine. Under the invited error doctrine, a defendant in a criminal case may not take advantage of an alleged error which the defendant invited the trial court to commit.[12]

We find no merit to the State's suggestion that the invited error doctrine should estop Molina from requesting that the cause be remanded for a new sentencing hearing. While it is clear that one who has invited error cannot be heard to complain of it,[13] that is not the case before us. Whatever may be said of the exchange between Molina's counsel and the county court, it cannot be the case that counsel's statement indicating a belief that the exhibits were offered, followed by the court's affirmation of that belief, amounts to Molina inducing the court's error. The Court of Appeals erred in concluding otherwise.

[12] *State v. Space*, 312 Neb. 456, 980 N.W.2d 1 (2022).

[13] See *Schaneman v. Wright*, 238 Neb. 309, 470 N.W.2d 566 (1991).

## VI. CONCLUSION

The county court erred when it enhanced Molina's sentence for DUI absent evidence of prior convictions. As a result, we vacate Molina's sentence and remand the cause with direction for the Court of Appeals to reverse the judgment of the district court and remand this cause to the district court with direction to remand the cause to the county court for a new enhancement and sentencing hearing.[14]

Sentence vacated, and cause
remanded with direction.

---

[14] See *State v. Valdez*, 305 Neb. 441, 447, 940 N.W.2d 840, 844 (2020) ("in the context of . . . enhancement of a DUI sentence . . . the appropriate remedy is to remand for another enhancement hearing").