IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. MONTOYA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

LORENZO R. MONTOYA, APPELLANT.

Filed April 28, 2026.    No. A-25-741.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed in part, and in part vacated and remanded for resentencing.

Angelica W. McClure, of Kotik & McClure Law, for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

RIEDMANN, Chief Judge, and PIRTLE and FREEMAN, Judges.

FREEMAN, Judge.

INTRODUCTION

Lorenzo R. Montoya appeals his plea-based conviction for driving during revocation and driving under the influence of alcohol entered by the district court for Lancaster County. He argues that the district court erred in failing to order his presentence investigation report be completed and in imposing an excessive sentence. He also argues his counsel was ineffective for failing to request a continuance to complete the presentence investigation report.

Because Montoya's sentence for driving during revocation, subsequent offense, did not comply with Nebraska law, we vacate the sentence and remand the cause for resentencing. For the reasons explained below, we otherwise affirm.

- 1 -

## BACKGROUND

Montoya was charged by information with driving during revocation, subsequent offense, a Class IIA felony; refusal of a chemical test, with three prior convictions, a Class IIA felony; driving under the influence of alcohol, fourth offense; a Class IIIA felony; interlock violation, a Class I misdemeanor; and resisting arrest, a Class I misdemeanor. Montoya agreed to plead no contest to driving during revocation, subsequent offense, a Class IIA felony, and driving under the influence of alcohol, fourth offense, a Class IIIA felony. Pursuant to a plea agreement, in exchange for Montoya's pleas, the State agreed to dismiss the remaining charges and to not file any additional charges arising from the incident.

At the plea hearing, the State provided a factual basis. On February 15, 2025, officers with the Lincoln Police Department observed a vehicle crossing several traffic lanes while turning and making sudden lane changes in Lancaster County. A traffic stop was conducted, and Montoya was identified as the driver of the vehicle. Officers noted the odor of alcohol emitting from Montoya, as well as Montoya's red, bloodshot, and watery eyes and slow and slurred speech.

At the time of the stop, Montoya's license was revoked until October 30, 2039, due to a prior driving during revocation felony. His ignition interlock permit was also revoked because he did not have insurance.

Montoya was confrontational with the officers. Montoya refused to exit his vehicle, so officers forcibly removed him. Montoya also later refused to provide a breath test and chemical test.

The district court found Montoya guilty of the charges. The "Judges Notes" from the plea hearing reflect that the district court requested a presentence investigation report. The interview for the report was scheduled for two 40-minute sessions, as the video conferencing service used by the Nebraska State Penitentiary only allows 40 minutes per session.

At the sentencing hearing, the district court received evidence of Montoya's prior convictions for enhancement, and no objection was made by Montoya. The district court found the prior convictions valid, and the charges were enhanced.

During the hearing, Montoya's counsel explained that only one 40-minute interview session occurred because of the protocols at the jail requiring Montoya to log out of one tablet and log onto another tablet for the subsequent interview session. By the time Montoya tried to log onto the other tablet, the interviewer was no longer online.

Regardless of the time constraints, the interviewer believed that the presentence investigation report was sufficient. Montoya's counsel stated that Montoya agreed that his presentence investigation report was sufficient. His counsel stated that Montoya did not want to continue his sentencing and was prepared to proceed. When asked by the district court, Montoya's counsel stated he did not have any legal reason why sentence could not be imposed.

Montoya was given the opportunity to provide allocution at sentencing. He confirmed that the presentence investigation report was not complete but explained the lack of completion was due to a scheduling conflict rather than his inaction. Montoya then stated, "So, let's go. The faster [my sentence is] over, the faster I can get home."

The district court considered the danger that Montoya presented to the community and "all of those factors that the Court is required to take into consideration with regard to sentencing an

individual." The district court noted that it was surprising that no one had been hurt by Montoya's actions, despite the multiple times he had been stopped while driving under the influence. Based on his multiple offenses for driving under the influence, the district court reasoned that Montoya was unlikely to change his behavior.

The district court stated:

> Having regard for the nature and circumstances of your crime, the history, character, and condition of [Montoya], the Court finds that imprisonment of [Montoya] is necessary for the protection of the public because the risk is substantial that during any period of probation [Montoya] would engage in additional criminal conduct, and because a lesser sentence would depreciate the seriousness of [Montoya's] crime and promote disrespect for the law.

The district court sentenced Montoya to a term of 20 to 20 years' imprisonment for driving during revocation, subsequent offense, a Class IIA felony, and a term of 3 to 3 years' imprisonment for driving under the influence of alcohol, fourth offense, a Class IIIA felony. For both sentences, Montoya's driver's license was revoked for a period of 15 years from the date of his release and any car owned by Montoya was ordered to be immobilized at his expense for a period of 30 days. The sentences were ordered to run consecutively to each other and any other sentence Montoya was currently serving.

Montoya appeals.

## ASSIGNMENTS OF ERROR

Montoya assigns that (1) the district court erred by failing to order the presentence investigation report be completed, (2) his counsel was ineffective for failing to request a continuance to complete the presentence investigation report, and (3) the district court erred in imposing an excessive sentence.

## STANDARD OF REVIEW

In determining whether a defendant's waiver of a statutory or constitutional right was voluntary, knowing, and intelligent, an appellate court applies a clearly erroneous standard of review. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Wilson*, 320 Neb. 728, 30 N.W.3d 165 (2026). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Rejai*, 320 Neb. 599, 29 N.W.3d 225 (2026). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Consideration of plain error occurs at the discretion of an appellate court. *State v. Molina*, 320 Neb. 544, 28 N.W.3d 837 (2025). An appellate court may find plain error on appeal when an

error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

ANALYSIS

*Presentence Investigation Report.*

Montoya argues that the district court erred by failing to order that the presentence investigation report be completed.

Pursuant to Neb. Rev. Stat. § 29-2261 (Cum. Supp. 2024):

(1) Unless it is impractical to do so, when an offender has been convicted of a felony other than murder in the first degree, the court shall not impose sentence without first ordering a presentence investigation of the offender and according due consideration to a written report of such investigation.

. . . .

(3) The presentence investigation and report shall include, when available, an analysis of the circumstances attending the commission of the crime, the offender's history of delinquency or criminality, physical and mental condition, family situation and background, economic status, education, occupation, and personal habits, and any other matters that the probation officer deems relevant or the court directs to be included.

The statutory right to have a presentence investigation completed prior to being sentenced may be waived so long as that waiver was knowingly and intelligently made. See *State v. Iddings, supra.* While it is "the better practice" for a sentencing court to issue a more direct advisement of the statutory right to a presentence investigation, conduct an explicit inquiry into the voluntariness of a defendant's waiver of that right, and make explicit findings with respect to a waiver, it is not required. See *State v. Iddings*, 304 Neb. at 774, 936 N.W.2d at 759.

No formalistic litany of warnings is required to show that a waiver was knowingly and intelligently made. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). A colloquy between the court and a defendant is not required. See *id.* Nor does the record need to affirmatively contain the lower court's express finding of a knowing, intelligent, and voluntary waiver in order for this court to observe that the record affirmatively demonstrates that a knowing, intelligent, and voluntary waiver has been made. *Id.*

Instead, the appropriate standard to apply in the case of a waiver of the right to a presentence investigation under § 29-2261 is whether it is apparent from the totality of the circumstances reflected in the record that the defendant, when waiving the right, was sufficiently aware of his or her right to a presentence investigation and the possible consequences of his or her decision to forgo that right. *Id.* A defendant's silent acquiescence to his counsel's statement of waiver and failure to object or otherwise raise the issue of a presentence investigation report to the court waives the defendant's right to a presentence investigation. See *id.*

Here, Montoya received a presentence investigation report, but it was not complete. The report contained several instances where additional information could have been provided if the interview was completed.

Montoya argues that he did not understand the significance of the report because it was not orally ordered by the district court. However, this argument is refuted by the record as Montoya indicated he made efforts to complete the interview. And both the interviewer and Montoya, through his counsel, indicated that the report was sufficient for sentencing. Regardless of whether a complete report was required, Montoya waived the opportunity to receive a complete presentence investigation report through his actions.

While there was no colloquy contained in the record where the district court made an express finding that Montoya waived a complete presentence investigation report, Montoya and his counsel were given an opportunity to present any concerns they had with the report to the court. Montoya's counsel indicated that Montoya agreed that his presentence investigation report was sufficient and that Montoya did not want to continue his sentencing hearing. His counsel stated that there was no legal reason why sentence could not be imposed. When Montoya gave his allocution, he did not contest any of the statements made by his counsel and indicated he was ready to receive his sentence as soon as possible.

Therefore, the district court did not err by not ordering that the presentence investigation report be completed because Montoya waived his opportunity to receive a complete report.

*Ineffective Assistance of Counsel.*

Montoya argues that his counsel was ineffective for failing to request that sentencing be continued to complete the presentence investigation report. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient, and that this deficient performance actually prejudiced the defendant's defense. *State v. Wilson*, 320 Neb. 728, 30 N.W.3d 165 (2026). As previously discussed, Montoya waived his opportunity to receive a complete report. Therefore, the record is sufficient to determine that Montoya's counsel was not deficient for not requesting a continuance.

*Sentencing.*

Montoya argues that the district court imposed an excessive sentence. Montoya states in his brief that the sentences he received were determinate. The State contests that the district court abused its discretion in sentencing Montoya but asserts that the district court committed plain error in violation of Neb. Rev. Stat. § 29-2204 (Cum. Supp. 2024). See, also, *State v. Molina*, 320 Neb. 544, 28 N.W.3d 837 (2025) (finding sentence that is contrary to court's statutory authority is appropriate matter for plain error review).

First, Montoya was sentenced to a term of 20 to 20 years' imprisonment for his Class IIA felony and to a term of 3 to 3 years' imprisonment for his Class IIIA felony. A determinate sentence is one that does not provide a minimum term. *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017). In contrast, when imposing an indeterminate sentence, a sentencing court ordinarily articulates either a minimum term and maximum term or a range of time for which a defendant is to be incarcerated. *Id.* The fact that the minimum term and maximum term of a sentence are the same does not affect the sentence's status as an indeterminate sentence. *Id.* As Montoya's sentences had a minimum and maximum term, his sentences are not determinate as Montoya claims.

Pursuant to § 29-2204(1):

Except when a term of life imprisonment is required by law, in imposing a sentence upon an offender for any class of felony other than a Class III, IIIA, or IV felony, the court shall fix the minimum and the maximum terms of the sentence to be served within the limits provided by law. The maximum term shall not be greater than the maximum limit provided by law, and:

(a) The minimum term fixed by the court shall be any term of years less than the maximum term imposed by the court; or

(b) The minimum term shall be the minimum limit provided by law.

And according to Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016):

For any sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, imposed consecutively or concurrently with (a) a sentence for a Class III, IIIA, or IV felony for an offense committed prior to August 30, 2015, or (b) a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony, the court shall impose an indeterminate sentence within the applicable range in section 28-105 that does not include a period of post-release supervision, in accordance with the process set forth in section 29-2204.

Here, Montoya was sentenced to 20 to 20 years' imprisonment for his Class IIA felony. This sentence does not comply with § 29-2204 in that the minimum term imposed is the same as the maximum term. According to § 29-2204, the minimum term shall be any term of years less than the maximum term or the minimum limit provided by law. Because the minimum term is neither a term of years less than the maximum nor the minimum limit provided by law, we find that the district court committed plain error. Consequently, we vacate the sentence imposed for driving during revocation, subsequent offense, a Class IIA felony, and remand the cause to the district court for resentencing on that count.

While the State also argues that the district court erred in its sentence of 3 to 3 years' imprisonment for Montoya's Class IIIA felony for similar reasoning, we disagree. Pursuant to § 29-2204, a Class IIIA felony is an exception to the requirement that the minimum term be less than the maximum term. See, also, *State v. Artis, supra.*

We next consider whether the district court imposed an excessive sentence in Montoya's Class IIIA felony sentence.

A Class IIIA felony is punishable by a maximum of 3 years' imprisonment and 18 months' post-release supervision or $10,000 fine, or both. See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2024). Montoya was sentenced to a term of 3 to 3 years' imprisonment for his Class IIIA felony. The sentence imposed is within the statutory limits; we therefore review the sentence for an abuse of discretion.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed. *State v. Rejai*, 320 Neb. 599, 29 N.W.3d 225 (2026). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past

criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Montoya argues that the district court did not give an explanation as to what factors it considered in arriving at the maximum sentence. A sentencing court is not required to articulate on the record that it has considered each sentencing factor and to make specific findings as to the facts that bear on each of those factors. See *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024). Even so, the district court stated that it considered "all of those factors that the Court is required to take into consideration with regard to sentencing an individual." And the district court explicitly considered the nature and circumstances of the crime and the history, character, and condition of Montoya. Specifically, the district court relied on the danger that Montoya presented to the community and the multiple times Montoya had been stopped while driving under the influence in imposing the maximum sentence.

All the mitigating factors argued by Montoya were provided as evidence at the sentencing hearing or included in the presentence investigation report. And absent affirmative evidence to the contrary, we will presume that the sentencing court fulfilled its statutory obligation to give a presentence investigation report due consideration. See *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). If anything was not included in the presentence investigation report because it was not completed, Montoya and his counsel were given the opportunity to make additional comments regarding sentencing. See *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020).

Montoya highlights that the requirement for post release supervision was removed from a Class IIIA felony sentence by the Legislature 9 days before his sentencing. It is Montoya's assessment that he was not informed of this change in penalty and that the district court impermissibly considered it as a factor in sentencing. In general, under Nebraska law, a defendant must be informed of those consequences which affect the range of possible sentences or periods of incarceration for each charge and the amount of any fine to be imposed as a part of a sentence. *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002). The defendant must be aware of the total potential penal consequences of the plea agreement for the pleas to be entered freely, intelligently, voluntarily, and understandingly. See *State v. Van Ackeren*, 234 Neb. 535, 451 N.W.2d 707 (1990).

Here, the district court informed Montoya that the sentence for his Class IIIA felony charge could be up to 3 years' imprisonment as well as 9 to 18 months' post-release supervision. Montoya was aware of the total potential penal consequences of his plea. The action of the Legislature just days before Montoya was sentenced benefited Montoya by removing a mandatory requirement for post-release supervision. Such action does not implicate the Ex Post Facto Clause which only bars application of a law that changes the punishment and imposes a greater penalty than what was prescribed when the crime was consummated. See *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016).

Therefore, the district court did not abuse its discretion in Montoya's Class IIIA felony sentence.

CONCLUSION

We conclude that Montoya waived his opportunity to receive a complete presentence investigation report. As such, the district court did not err by not ordering the presentence investigation report to be completed. Nor was Montoya's counsel ineffective for not requesting that sentencing be continued.

The district court did not abuse its discretion in Montoya's Class IIIA felony sentence. However, we find that the district court committed plain error by failing to comply with § 29-2204 for Montoya's Class IIA felony sentence for driving during revocation, subsequent offense. Therefore, we vacate the sentence imposed for Montoya's Class IIA felony and remand the cause for resentencing.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR RESENTENCING.